IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID JACKSON | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-306 |
| ELLIS UNIT | § | |

<u>MEMORANDUM OPINION AND ORDER REGARDING VENUE</u>

Plaintiff David Jackson, an inmate confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Ellis Unit.

<u>Discussion</u>

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred at the Ellis Unit. His claims therefore arose at the Ellis Unit, which is in Walker County, Texas. Pursuant to 28 U.S.C. § 124(b)(2), Walker County is located in the Houston Division of the Southern District of Texas. As this case does not appear to have any connection with the Eastern District of Texas, the court is of the opinion this matter should be transferred to the Houston Division of the Southern District.

**ORDER**

For the reasons set forth above, it is **ORDERED** that this civil rights action is **TRANSFERRED** to the Houston Division of the United States District Court for the Southern District of Texas.

**SIGNED this the 27th day of December, 2021.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE